# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JABOREE WILLIAMS,<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | Case No. 19-CV-1375-JPS<br><br>**ORDER** |

  On September 20, 2019, Petitioner Jaboree Williams ("Williams") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (hereinafter referred to as the "habeas petition"). (Docket #1). That same day, he filed a motion to stay the respondent's response and to amend his petition. (Docket #4). In this latter motion, he explains that he filed his habeas petition because he was nearing the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 3. However, the petition he filed is not complete. Williams explains that he could not complete the petition because of various lockdowns at the Coleman I U.S. Penitentiary ("Coleman"), where he is confined. Specifically, in June 2019, Coleman went on administrative lockdown after a group of inmates in one of the units held a demonstration. Then, in early August, Coleman experienced a race riot that resulted in one inmate's death. Since then, the prison has been on full lockdown, which is expected to continue for at least another two months.

  During this time, neither Williams nor his jailhouse lawyer, Geechie Templeton ("Templeton"), have been able to access the law library or any computers. Templeton prepared Williams' 2255 petition in his cell, without

the aid of any trial transcripts or legal authority. Williams says that he needs to provide "supporting authority" for his petition, and requests a stay of his habeas proceedings until after the prison is released from lockdown, after which time he would like the ability to amend his petition with "proper supporting authority." *Id.*

Section 2255(f) provides a one-year limitations period in which to file a motion thereunder. 28 U.S.C. § 2255(f). That period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). Litigants must file a writ of certiorari within ninety (90) days of the entry of a final judgment. *See* Rule 13 of the Rules of the Supreme Court of the United States. On August 15, 2018, the Seventh Circuit affirmed the decision of the district court in Williams's criminal case. *See* Case No. 16-CR-111, (Docket #177). It does not appear that Williams sought a writ of certiorari, which means that the limitations period ended on November 13, 2019. Williams filed his 2255 petition on September 20, 2019; therefore, the petition is timely.

Williams's petition makes four ineffective assistance of counsel claims. *See* (Docket #2). He did not raise these claims on appeal to the Seventh Circuit; however, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The petition is thoroughly briefed, but Williams nevertheless requests that the proceedings be stayed and that he receive an

additional amount of time to amend. (Docket #4). The Court will not stay Williams's proceedings. Stays are most common in Section 2254 cases where a petitioner has failed to exhaust his claims, and, even then, they are available only in limited circumstances on a showing of good cause. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005). Here, Williams merely requests additional time to file his habeas case based on Templeton's access to the legal library. Nevertheless, in light of the circumstances at Coleman, the Court will grant Williams a one-time extension of sixty (60) days from the date of this order to amend his 2255 petition. Williams is cautioned, however, that because the statute of limitations has expired, any amendments he makes must relate back to his original petition. *See Mayle v. Felix*, 545 U.S. 644, 663 (2005).

Williams has also filed a motion to request transcripts. (Docket #3). If a Section 2255 petitioner proceeds *in forma pauperis*, the district court will cover the fees associated with transcript requests once it certifies that (1) the suit is non-frivolous and (2) the "the transcript is needed to decide the issue presented by the suit." 28 US.C. §753(f). The Court has not screened the petition to determine whether the suit is frivolous. Accordingly, it is not in a position to say whether a transcript is needed to decide the issues raised in the petition. Therefore, the motion for transcripts is premature, and will be denied.

Finally, since filing his habeas petition at the end of September, Williams has filed four letters requesting an update on the status of his case. (Docket #5, #6, #7, and #8). After the first letter, the Clerk of Court mailed Williams a copy of the docket, which shows that his motions were received and filed. The Court is not in the practice of providing status updates to litigants. Additionally, requests for status updates do not result in a faster

case resolution. The best the Court can do when it receives such a request, in light of its available time and resources, is provide Williams with a copy of the docket. This should be sufficient to let him know whether items have been received, when they were filed, and whether any other activity has occurred in his case.

Accordingly,

**IT IS ORDERED** that Williams's motion to request transcripts (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Williams's motion to stay the respondent's response and amend the habeas petition (Docket #4) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Williams file an amended petition within **sixty (60) days of the date of this Order**. If he fails to amend his petition within that time period, the Court will proceed with screening the petition that is already on file.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge