# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JABOREE WILLIAMS,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. 19-CV-1375-JPS<br><br>**ORDER** |

  On January 13, 2020, Petitioner Jaboree Williams ("Williams") filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #11). The Court had previously allowed Mr. Williams an additional 60 days to file an amended habeas complaint. (Docket #9). This habeas petition arises from Williams's criminal proceedings before this Court in case number 16-CR-111, in which a jury found Williams guilty of Counts One, Two, Three, Five, Six, Seven, Nine, and Eleven through Twenty-One of the Second Superseding Indictment. *See* Case No. 16-CR-111 (Docket #161 at 1).

  Williams was sentenced to 360 months as to Counts One, Two, and Three (sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), & 1594(a)); 120 months as to Counts Five, Six, and Seven (interstate travel with intent to engage in prostitution, in violation of 18 U.S.C. § 2421); 240 months as to Count Nine (conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)); 240 months as to Count Eleven (attempt to obstruct sex trafficking investigation, in violation of 18 U.S.C. § 1591(d)), 240 months as to Counts Twelve, Thirteen, and Fourteen, Fifteen, and

Twenty (witness tampering and evidence tampering, in violation of 18 U.S.C. § 1512(b)(1),(c)); and 240 months as to Count Twenty-One (interstate communications with intent to extort money, in violation of 18 U.S.C. § 875(b)), all sentences to operate concurrently for a total term of 360 months. *Id.* at 1–3.

Williams appealed on the grounds that "his conviction was tainted by improperly admitted expert testimony." *United States v. Williams*, 900 F.3d 486, 487 (7th Cir. 2018). He argued that the government's expert witness disclosure had been inadequate under Federal Rule of Criminal Procedure 16(a)(1)(G), and that the expert's testimony should have been excluded as improper character evidence. *Id.* The Seventh Circuit determined that "any deficiency in the written summary" of the expert witness disclosure was harmless in light of the ample evidence against Williams. *Id.* at 489. Moreover, the Seventh Circuit determined that "the government used [the expert's] testimony about the acts of sex traffickers to illustrate their modus operandi, not their character[,]" and that Federal Rule of Evidence 404's "prohibition on character evidence [wa]s inapplicable, because there were no arguments about character at play." *Id.* at 490.

On September 20, 2019, Williams filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255, which he amended, with the Court's permission, on January 13, 2020. (Docket #1, #9, #11). The Court cautioned Williams that since his amended habeas petition would fall outside of the one-year statute of limitations, it must relate back to the facts alleged in the initial petition. *Mayle v. Felix*, 545 U.S. 644, 663 (2005). The amended petition raises grounds for relief that are based on the same factual circumstances set forth in the original petition; indeed, Williams

raises the exact same grounds for ineffective assistance of counsel. The only difference between the initial motion and the amended motion is that the amended motion has appended exhibits supporting his ineffective assistance claims. *See* (Docket #1, #11, #11-1, #11-2). Moreover, the facts underlying the ineffective assistance claims are the same; the primary difference between the initial brief and amended brief is that the amended brief includes more case law. *Compare* (Docket #2) *with* (Docket #12)). Therefore, the Court will screen the amended motion, and deny the first motion as moot.

At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the government to respond to the petition.

1. **TIMELINESS**

The Court begins by addressing the timeliness of Williams's motion. Section 2255(f) provides a one-year limitations period in which to file a

Page 3 of 8
Case 2:19-cv-01375-JPS   Filed 05/06/20   Page 3 of 8   Document 16

motion thereunder. 28 U.S.C. § 2255(f). That period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1. The Seventh Circuit affirmed Williams's conviction on August 15, 2018 and he did not seek review from the Supreme Court; therefore, his conviction became final on November 13, 2018. Williams filed his motion to vacate on September 20, 2019. As explained above, he filed his amended complaint with permission from the Court on January 13, 2020, and the amended complaint relates back to the facts alleged in his original motion. *Mayle*, 545 U.S. at 663. Thus, the petition appears to be timely.

**2.     PROCEDURAL DEFAULT**

The Court next considers whether Williams's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Williams did not raise at trial or on direct appeal are procedurally

Page 4 of 8
Case 2:19-cv-01375-JPS   Filed 05/06/20   Page 4 of 8   Document 16

defaulted and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Williams may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Williams's claim falls into the former category.

The basis of Williams's habeas petition is that he suffered ineffective assistance of counsel. First, he claims that his attorney failed to adequately communicate a plea deal from the government, which resulted in Williams going to trial. Second, he claims that his counsel failed to object to the jury instructions for Counts One, Two, and Three, which occasionally said "force, fraud, or coercion" instead of "force, fraud, and coercion," as charged in the Second Superseding Indictment. Third, Williams claims that his counsel failed to object to the Court's refusal to allow Williams to impeach witnesses, thereby failing to preserve the issue for appeal. Fourth, Williams claims that his counsel failed to object to an allegedly inappropriate two-level enhancement pursuant to Sentencing Guidelines § 3C1.1 when sentencing Count Eleven.

Because claims of ineffective assistance of counsel may be raised for the first time in a 28 U.S.C. § 2255 motion, these claims are not procedurally defaulted. *Massaro*, 538 U.S. at 504.

### 3. COGNIZABLE

Having determined that Williams's claims do not fail on the statute of limitations or procedural default, the Court will finally consider whether the claims are cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court notes that Williams's second claim, regarding the Court's use of "or" instead of "and" in the jury instruction, is plainly meritless.

Williams claims that his counsel failed to object to the jury instructions for Counts One, Two, and Three. The issue, he claims, is that the Second Superseding Indictment charged him with committing crimes of sex trafficking by "force, fraud, *and* coercion," Case No. 16-CR-111, (Docket #95 at 1–3), but while reading the jury instructions, the Court occasionally used the disjunctive "or" when speaking generally about the charges. *See* Case No. 16-CR-111, (Docket #147 at 12, 21, 23–25) (discussing "force, fraud, *or* coercion.").

This claim is plainly meritless. First, although the Court's prefatory remarks refer to the charge in the disjunctive, the jury instruction for each specific charge reads, "force, fraud, *and* coercion." *Id.* at 13–14. Thus, the jury instructions for each charge mirror the language in the Second Superseding Indictment. Second, the Court's use of the disjunctive in its prefatory remarks was neither improper not misleading because the statute requires a defendant to act by "means of force, threats of force, fraud, coercion. . .*or* any combination of such means." 18 U.S.C. § 1591(a). In other words, the statute imposes liability if the defendant acted in any of three ways: either force, or fraud, or coercion. Williams was indicted for acting in all three ways (force, fraud, *and* coercion), and was subsequently found guilty of acting in all three ways. This more than satisfies the elements required by the criminal statute. 18 U.S.C. § 1591(a). It would be a different

story if the statute were written in the conjunctive and the Court instructed in the disjunctive, but that is not the case here. Williams could not possibly have been prejudiced by his counsel's failure to object to the Court's use of the disjunctive; therefore, the claim must be dismissed. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

As for Williams's other grounds, although the Court is skeptical as to whether Williams will be able to prevail on his claims, at this stage in the proceedings the Court cannot say those claims are plainly meritless. He will be permitted to proceed on his claim that counsel failed to adequately apprise him of a plea deal; that counsel failed to object to the Court's order prohibiting impeachment of certain witnesses, and that counsel failed to challenge the two-level enhancement for Count Eleven.

### 4. CONCLUSION

In light of the foregoing, the Court will direct the government to file an answer to Williams's amended petition or appropriate motion not later than **June 5, 2020**. If the government files an answer, then Williams must file his reply, *see* Rule 5(d) of the Rules Governing § 2255 Proceedings, not later than **July 6, 2020**. Likewise, if the government files a motion in lieu of an answer, Williams will have until **July 6, 2020**, to file his response, and the government may reply thereto on or before **July 27, 2020**.

Accordingly,

**IT IS ORDERED** that Petitioner's first motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's second claim in his amended motion to vacate, set aside, or correct sentence (Docket #11), regarding his counsel's failure to object to the Court's jury instructions, be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that, on or before **June 5, 2020**, the government shall file an answer to Petitioner's amended motion to vacate (Docket #11), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **July 6, 2020**; and

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **July 27, 2020**.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge